**HUA SEN YE, Petitioner,**

v.

**Alberto R. GONZALES, United States Attorney General, Respondent.**

No. 06–4801–ag.

United States Court of Appeals, Second Circuit.

May 3, 2007.

Wendy Tso, New York, New York, for Petitioner.

Mary Beth Buchanan, United States Attorney for the Western District of Pennsylvania, Lee J. Karl, Assistant United States Attorney, Pittsburgh, Pennsylvania, for Respondent.

PRESENT: Hon. JOSÉ A. CABRANES, Hon. CHESTER J. STRAUB, Hon. RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

Petitioner Hua Sen Ye, a citizen of the People's Republic of China, seeks review of the September 19, 2006 order of the BIA dismissing his appeal from the May 4, 2005 decision of Immigration Judge ("IJ") Brigitte LaForest denying his application for relief pursuant to the Convention Against Torture ("CAT"). *In re Hua Sen Ye,* No. A96 336 948 (BIA Sept. 19, 2006), *aff'g* No. A96 336 948 (Immig. Ct. N.Y. City May 4, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), we review the IJ's decision as the final agency determination. *See Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005). We review the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

The IJ's conclusion that Ye failed to establish that he would more likely than not be tortured if removed to China on the basis of his illegal departure is supported by substantial evidence. We have acknowledged that "Chinese law does indeed allow for imposition of a sentence of imprisonment on a person who illegally de-

parts the country." *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 407 (2d. Cir.2005). However, "punishment as a result of ... illegal departure ... does not [standing alone] demonstrate a likelihood of persecution under the Act." *See Matter of Sibrun,* 18 I. & N. Dec. 354, 359 (BIA 1983). Ye has presented no facts or background material that would compel us to reach a different conclusion than that reached by the IJ.

As Ye has not shown that illegal emigrants are more likely than not to be tortured in Chinese prisons, he has not demonstrated that he is entitled to CAT relief on this basis. *See Mu Xiang Lin v. U.S. Dep't of Justice,* 432 F.3d 156, 160 (2d Cir.2005). This Court has made clear that the relevant inquiry is whether someone in the petitioner's "particular alleged circumstances" is more likely than not to be tortured. *Mu–Xing Wang v. Ashcroft,* 320 F.3d 130, 143–44 (2d Cir.2003). Here, Ye provided no information regarding his own personal circumstances that would allow the IJ to find that he, in particular, was more likely than not to be imprisoned, much less tortured in prison. Based on this record, the IJ reasonably determined that Ye failed to meet his burden. *See Mu Xiang Lin,* 432 F.3d at 159–60.

Because Ye did not raise any arguments regarding persecution on the basis of Falun Gong in his brief to this Court, we deem that claim abandoned. *Jian Wen Wang v. BCIS,* 437 F.3d 276, 278 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. The pending motion for a stay of removal in this petition is DISMISSED as moot.